

1   THOMAS N. STEWART, III - #88128
    ATTORNEY AT LAW
2   369 BLUE OAK LANE, 2nd FLOOR
    CLAYTON, CA 94517
3   TELEPHONE (925) 672-8452
    TELEFAX (925) 673-1729
4   Attorneys for David Johnson

5

6   ORIGINAL

7                   UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

                    CV   08         0837
9   DAVID JOHNSON,                 Case No. C 08-
                                   Civil Rights
10       Plaintiff,                                          BZ

                                   COMPLAINT FOR PRELIMINARY AND
11  v.                             PERMANENT INJUNCTIVE RELIEF AND
                                   DAMAGES: DENIAL OF CIVIL RIGHTS AND
12  ZVEZDE and YVONNE              PUBLIC FACILITIES TO PHYSICALLY
    JAKOVLESKI,                    DISABLED PERSONS (CIVIL CODE §§ 54,
13                                 54.1 AND 55; INJUNCTIVE RELIEF PER
                                   TITLE III, AMERICANS WITH DISABILITIES
14                                 ACT OF 1990
        Defendants.
15  _____/

16      Plaintiff, David Johnson, alleges:

17      FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
        FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
18         PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

19  1.    Plaintiff is a C5/6 quadriplegic as the result of an accident. He does not have the use of

20  his legs, and has limited use of his hands, and is a "person with a disability" and "physically

21  handicapped person". Plaintiff requires the use of a wheelchair for locomotion and is either

22  unable to use portions of public facilities which are not accessible to disabled persons who

23
        Complaint                          1

1  require the use of a wheelchair or is only able to use such portions with undue difficulty.

2  2. The Mi Casa restaurant, located at 2195 North Broadway, Walnut Creek, California (the

3  Restaurant) is a Restaurant which is open to the public. Defendants own the real property

4  where the Restaurant is located.

5  3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

6  situated at the Restaurant on January 30, 2008. Plaintiff was denied equal protection of the law

7  and was denied Civil Rights under both California law and federal law, as hereinbelow

8  described. Plaintiff was denied his rights to full and equal access at the Restaurant because of

9  inaccessible parking and an inaccessible restroom, all of which made the Restaurant not

10 properly accessible to Plaintiff and to others similarly situated. Plaintiff seeks injunctive relief

11 to require Defendants to make the parking and restroom accessible, to comply with ADAAG

12 and the CBC where required, to remove all barriers to access in the Restaurant which are

13 readily achievable to remove, to make all reasonable accommodations in policy in order to

14 enable Plaintiff and others similarly situated to use the Restaurant and at minimum, to use

15 readily achievable alternative methods to enable Plaintiff to use the goods and services which

16 the Restaurant makes available to the non-disabled public. Plaintiff also seeks the recovery of

17 damages for his personal damages involved in the discriminatory experiences on January 30,

18 2008, and seeks recovery of reasonable attorney's fees and litigation expenses and costs

19 according to statute.

20 4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

21 violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

22

23

Complaint                    2

supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1 and 55.

5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

7. The Restaurant is a "public accommodation or facility" subject to the requirements of California Civil Code § 51, 54, 54.1 and 55.

8. Placeholder.

9. Defendant is and was the owner, operator, manager, lessor and lessee of the subject Restaurant at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10. Plaintiff and others similarly situated are disabled persons who require the use of a wheelchair and are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

Complaint                                         3

with the requirements of the Americans with Disabilities Act of 1990 and the federal

regulations adopted pursuant thereto.  The acts and omissions of which Plaintiff complains took

place at the Restaurant.

11.  Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people

with disabilities and to encourage the full and free use by people with disabilities of public

facilities and other public places.  CC §§ 51 and 54(c) state that a violation of the Americans

with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that

individuals with disabilities are entitled to "full and equal access" to public accommodations

and that such access means that which meets the standards of Titles II and III of the Americans

with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states

that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC

§ 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a

defendant who denies or interferes with a disabled person's rights of access is liable for actual

damages and attorneys' fees.

12.  Health & Safety Code § 19955 was enacted "To ensure that public accommodations or

facilities constructed in this state with private funds adhere to provisions of Chapter 7

(commencing with § 4450) of Division 5 of Title 1 of the Government Code."  Such public

accommodations include those which are the subject of this action.  On information and belief,

Title 24 California Code of Regulations, formerly known as the California Administrative

Code, was in effect at the time of construction and of each alteration of work, all of which

occurred after July 1, 1982, thus requiring access complying with the specifications of title 24

Complaint                              4

1    for all such construction and for each such "alteration, structural repair or addition".

2    13.  The Restaurant's parking lot, entrance and men's restroom are inaccessible to people in

3    wheelchairs.

4        On January 30, 2008, Plaintiff patronized the Restaurant.  Because of the inaccessible

5    parking configuration, Plaintiff had difficulty getting out of his van.  Plaintiff had difficulty

6    getting his wheelchair over the high threshold at the Restaurant's entrance.  Once inside the

7    Restaurant, Plaintiff was unable to use the men's restroom.

8        As a result, Plaintiff was embarrassed and humiliated in an amount according to proof.

9    14.  Defendant's failure to create an accessible parking lot and men's restroom for the

10    Restaurant, remove all readily achievable barriers, institute policies in furtherance of

11    accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

12    offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a

13    violation of the California Building Code, the Americans with Disabilities Act and federal

14    regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51

15    and 54, et seq.

16    15.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

17    Defendant at the Restaurant as stated above which appear to be continuing, and which have the

18    effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant.

19    Plaintiff will patronize the Restaurant again once the barriers are removed.  Such acts and

20    omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions

21    continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate

22

23
        Complaint                              5

against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use

of a wheelchair for movement in public places.  Plaintiff is unable so long as such acts and

omissions of Defendant continue, to achieve equal access to and use of this public facility.  The

acts of Defendant have proximately caused and will continue to cause irreparable injury to

Plaintiff if not enjoined by this Court.

16.  Damages: As a result of the denial of equal access to the Restaurant and due to the acts and

omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant,

Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code

§§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages.

Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole

basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal

basis as other persons.  Plaintiff seeks actual damages, the minimum per occurance damages of

$4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3.  Plaintiff also seeks trebling of

all of the actual damages as provided by Civil Code § 54.3.

17.  Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order

to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks

recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

52 and 54.3.  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for

damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all

Complaint                                      6

1    disabled members of the public, justifying "public interest" attorney's fees, litigation expenses

2    and costs pursuant to Code of Civil Procedure § 1021.5.

3    18.  Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

4    refusal by Defendants to comply with the requirements of the Americans with Disabilities Act

5    of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to

6    the Restaurant; for statutory damages pursuant to CC § 52; for actual and treble damages

7    pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

8                                    SECOND CLAIM FOR RELIEF:
                      VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
9                                        42 USC §§ 12101 FF

10   19.  Plaintiff realleges the allegations of paragraphs 1-18 hereof.

11   20.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

12   regarding physically disabled persons, finding that laws were needed to more fully protect

13   "some 43 million Americans [with] one or more physical or mental disabilities"; that

14   "historically society has tended to isolate and segregate individuals with disabilities"; and that

15   "such forms of discrimination against individuals with disabilities continue to be a serious and

16   pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities

17   are to assure equality of opportunity, full participation, independent living and economic self

18   sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary

19   discrimination and prejudice denies people with disabilities the opportunity to compete on an

20   equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21   21.  Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

22

23        Complaint                          7

§12101(b)):

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day to day* by people with disabilities (emphasis added).

22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a Restaurant (Regulation 36.104).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included:

*§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ...";

*§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual

Complaint                          8

1    with a disability is excluded, denied service, segregated, or otherwise treated differently than

2    other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*:

3    "A failure to remove architectural barriers and communication barriers that are structural in

4    nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*:

5    "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

6    achievable, a failure to make such goods, services, facilities, privileges, advantages, or

7    accommodations available through alternative methods if such methods are readily achievable".

8    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights

9    under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

10    36ff.

11    25.  The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

12    at all times herein mentioned "readily achievable" under the standards of the Americans With

13    Disabilities Act.  Because the Restaurant was not accessible, Defendants had an obligation to

14    have some sort of plan which would have allowed Plaintiff to enjoy the Restaurant's services

15    without having to suffer the indignities as aforesaid.

16    26.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

17    entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

18    USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

19    violation of this Title or has reasonable grounds for believing that he is about to be subjected to

20    discrimination in violation of §12182.  On information and belief, Defendants have continued

21    to violate the law and deny the rights of Plaintiff and of other disabled persons to access this

22

23

Complaint                                      9

public accommodation since on or before January 30, 2008. Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to patronize the Restaurant.

Wherefore Plaintiff prays for relief as hereinafter stated:

PRAYER

1. Issue a preliminary and permanent injunction directing Defendants to modify its facilities as required by law to comply with the ADAAG and the CBC where required, remove all barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

Complaint                                10

1        2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

2  Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

3  public facilities as complained of herein no longer occur, and will not recur;

4        3. Award to Plaintiff all appropriate statutory damages;

5        4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

6  of this proceeding as provided by law; and

7        5. Grant such other and further relief as this Court may deem just and proper.

8  Date: February 5, 2008

9

10

11            ___S/Thomas N. Stewart, III_____
                  Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23  Complaint             11

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

(V)  NW  *BZ*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS

David Johnson

## DEFENDANTS

Zvezde and Yvonne Jakovleski

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Contra Costa

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   Contra Costa

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
Thomas N. Stewart, III
369 Blue Oak Lane, 2nd Floor
Clayton, CA 94517

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION (PLACE AN "□" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "□" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)
AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "□" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "□" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 42 USC 12101

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "□" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
2/5/08

SIGNATURE OF ATTORNEY OF RECORD