1  Michael S. Treppa, State Bar No. 142110
  **TREPPA LAW GROUP**
2  2033 North Main St., Suite 750
  Walnut Creek, California 94596
3  Telephone: (925) 296-0600
  Facsimile: (925) 296-6146
4  Email: mtreppa@treppalaw.com
  Attorneys for Defendants
5  Zvezde & Yvonne Jakovleski

6

7

8

9             **UNITED STATES DISRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

DAVID JOHNSON,                          | Case No. C-08-0837-BZ
12
            Plaintiff[s],               | **DEFENDANTS ZVEZDE & YVONNE**
13                                        **JAKOVLESKIS' ANSWER TO**
        vs.                               **COMPLAINT**
14
ZVEZDE AND YVONNE JAKOVLESKI,
15
            Defendants.
16

17

18       Defendants ZVEZDE AND YVONNE JAKOVLESKI hereby answer, object, and

19  otherwise Respond to the Complaint on file herein as follows:

20  FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF

21  FULL AND EQUAL ACCESS TO A PUBLIC ACCOMODATION: PUBLIC FACILITIES

22            AT A RESTAURANT (Civil Code Sections 51, 54.1)

23

24       1.  Defendants are without knowledge or information sufficient to form a belief as to

25  the truth of the allegations in this paragraph and on that basis, deny each and every allegation

26  contained therein.

27       2.  Admitted.

28       3.  Defendants are without knowledge or information sufficient to form a belief as to

1

TREPPA LAW GROUP

1    the truth of the allegations in this paragraph and on that basis, deny each and every allegation
2    contained therein.

3        4.  Defendants admit that this court has jurisdiction over such allegations.
4    Defendants admit that California law may apply to such allegations.  Defendants are without
5    knowledge or information sufficient to form a belief as to the truth of the remaining allegations
6    in this paragraph and on that basis, deny each and every allegation contained therein.

7        5.  Defendants admit that venue is proper in this court.  Defendants are without
8    knowledge or information sufficient to form a belief as to the truth of the remaining allegations
9    in this paragraph and on that basis, deny each and every allegation contained therein.

10       6.  Defendants are without knowledge or information sufficient to form a belief as to
11   the truth of the allegations in this paragraph and on that basis, deny each and every allegation
12   contained therein.

13       7.  Admitted.

14       8.  There are no allegations contained in paragraph eight of the complaint.

15       9.  Defendants admit that they are the owner and lessor of the subject property.
16   Defendants deny that they are the operator, manager and lessee of the subject restaurant.
17   Defendants are without knowledge or information sufficient to form a belief as to the truth of
18   the remaining allegations in this paragraph and on that basis, deny each and every allegation
19   contained therein.

20       10. Defendants admit that Civil Code Sections 51 and 54.1 require legal compliance.
21   Defendants are without knowledge or information sufficient to form a belief as to the truth of
22   the remaining allegations in this paragraph and on that basis, deny each and every allegation
23   contained therein.

24       11. Paragraph 11 is a summary of Civil Code Sections 51 and 54, et. seq. and does
25   not contain any factual allegations for Defendants to admit or deny.

26       12. Paragraph 12 is a summary of law and does not contain any factual allegations
27   for Defendants to admit or deny.

28

2

TREPPA LAW GROUP

1    13. Defendants deny that the restaurant's parking lot, entrance and men's restroom
2  are inaccessible to people in wheelchairs.  Defendants are without knowledge or information
3  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on
4  that basis, deny each and every allegation contained therein.

5    14. Defendants deny the allegations contained in this paragraph.

6    15. Paragraph 15 only cites plaintiff's prayer for injunctive relief.  To the extent any
7  allegations remain in this paragraph, Defendants are without knowledge or information
8  sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis,
9  deny each and every allegation contained therein.

10    16. Defendants deny the allegations contained in this paragraph.

11    17. Defendants deny the allegations contained in this paragraph.

12    18. Defendants deny the allegations contained in this paragraph.

13                    SECOND CLAIM FOR RELIEF:

14    VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990

15                      42 USC SECTION 12101FF

16    19. Defendants reassert their responses to paragraphs 1-18.

17    20. Paragraph 20 of the complaint only contains excerpts of law and does not contain
18  any allegations for Defendants to admit or deny.

19    21. Paragraph 21 of the complaint only contains excerpts of law and does not
20  contain any allegations for Defendants to admit or deny.

21    22. Paragraph 22 of the complaint only contains excerpts of law and does not contain
22  any allegations for Defendants to admit or deny.

23    23. Paragraph 23 of the complaint only contains excerpts of law and does not contain
24  any allegations for Defendants to admit or deny.

25    24. Defendants deny the allegations of the last sentence of paragraph 24.  The
26  remainder of paragraph 24 only contains excerpts of law and does not contain any allegations
27  for Defendants to admit or deny.

28    25.  Defendants deny the allegations contained in this paragraph.

3

TREPPA LAW GROUP

1    26. Defendants are without knowledge or information sufficient to form a belief as to

2  the truth of the allegations in this paragraph and on that basis, deny each and every allegation

3  contained therein.

4    27. Defendants deny the allegations contained in this paragraph.

PLAINTIFF'S PRAYER

6    1.  Defendants deny the allegations contained in this paragraph.

7    2.  Defendants deny the allegations contained in this paragraph.

8    3.  Defendants deny the allegations contained in this paragraph.

9    4.  Defendants deny the allegations contained in this paragraph.

10   5.  Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

I.

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that
the complaint, and each claim therein, fails to state a claim upon which relief can be granted.

II.

**AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,**
defendants allege on information and belief that plaintiff did not exercise ordinary care, caution,
or prudence to avoid the alleged event; consequently, the subsequent injuries or damages, if
any, sustained by plaintiff were proximately caused by and contributed to by plaintiff's
comparative negligence, and any damages they might otherwise be entitled to should be
proportionately reduced by the degree of plaintiff's negligence.

III.

**AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,**
defendants allege that the injuries and damages plaintiff complains of resulted from the acts
and/or omissions of others, and without any fault on the part of defendant.

IV.

**AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,**
defendants allege that plaintiff's claims are barred to the extent that he has failed to satisfy the

4

1  jurisdictional and/or statutory prerequisites for his causes of action, including the failure to

2  exhaust appropriate administrative remedies.

3  V.

4  **AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

5  defendants allege that plaintiff's claims as set forth in the Complaint are barred because the

6  accommodations and modifications sought by plaintiff is not required by law.

7

8  VI.

9  **AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**,

10  defendants allege plaintiff's claims as set forth in the Complaint are barred because Defendants

11  are in compliance with the applicable law and the property is readily accessible to the disabled.

12  VII.

13  **AS A FURTHER, SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

14  defendant alleges, on information and belief, that plaintiff failed to mitigate damages.

15  VIII.

16  **AS A FURTHER, EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE,**

17  plaintiff's complaint seeks accommodations and modifications that would require the

18  construction, alteration, repair, structural or otherwise, or modification that is beyond the

19  requirements of the law and not otherwise readily achievable.

20  IX.

21  **AS A FURTHER, NINTH SEPARATE AND AFFIRMATIVE DEFENSE,**

22  plaintiff's claims as set forth in the Complaint are barred in that plaintiff lacks standing and/or

23  capacity to bring each claim, in that, among other things, plaintiff did not encounter any barriers

24  to access with the property.

25  X

26  **AS A FURTHER, TENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

27  plaintiff's claims as set forth in the Complaint fail as a matter of law because, to the extent that

28  plaintiff was not provided with full and equal accommodations, advantages, facilities or services

TREPPA LAW GROUP

TREPPA LAW GROUP

1   of defendants' facilities, it was because plaintiff failed to give defendants sufficient notice of the
2   need and sufficient opportunity to meet that need.

3   XI.

4       **AS A FURTHER, ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,** to
5   the extend defendants had a duty to do so, defendants made every good faith effort to evaluate
6   and configure the readily achievable modifications to the property to permit access to
7   individuals qualified under the Americans with Disabilities Act ("ADA") and other laws which
8   protect persons with disabilities.

9   XII.

10      **AS A FURTHER, TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE,**
11  defendants' conduct was privileged and justified in that the plans, specifications and
12  improvements to the facility were approved by government officials authorized to do so and to
13  enforce compliance with the ADA and all other relevant regulations.

14  XIII.

15      **AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**
16  plaintiff's claims are barred because pursuing modifications demanded by plaintiff would
17  fundamentally alter the benefits to the public or result in an undue burden.

18  **ADDITIONAL RESPONSES**

19  **A.**

20      Defendants currently have insufficient information upon which to form a belief as to
21  whether they may have additional, as yet unstated, defenses.  Defendants reserve the right to
22  assert additional defenses in the event discovery indicates additional defenses are appropriate.

23  **B.**

24      To the extent Defendants have not expressly admitted an allegation of the Complaint or
25  denied an allegation of the Complaint based on a lack of information and belief, Defendants
26  deny all further and remaining allegations of the Complaint and no response contained herein is
27  intended to constitute a waiver of such denial.

28      **WHEREFORE,** defendants pray that:

6

[Defendants Zvezde and Yvonne Jakovleski Answer to Complaint]

1    1. Plaintiff take nothing by his Complaint;

2    2. Defendants have judgment against Plaintiff;

3    3. Defendants be awarded costs of suit and reasonable attorneys fees; and

4    4. For such other and further relief as the Court may deem proper.

5  Dated: May 8, 2008

6                                    TREPPA LAW GROUP

7

8                          By _____

9                              Michael S. Treppa
                             Attorneys for Defendants
                             Zvezde & Yvonne Jakovleski

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Defendants Zvezde and Yvonne Jakovleski Answer to Complaint]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNSON

          Plaintiff(s),

      v.

JAKOVLESKI

          Defendant(s).

No. C-08-0837 BZ

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: 5-8-08

Signature

Counsel for DEFENDANTS JAKOVLESKI
(Plaintiff, Defendant or indicate "pro se")

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA          }
                                }  ss.
3  COUNTY OF CONTRA COSTA       }

4        I, the undersigned, state that I am a citizen of the United States and employed in the City of
Walnut Creek, County of Contra Costa, State of California, in the office of a member of the bar of
5  this court, at whose direction the service was made; that I am over the age of eighteen years and not a
party to the within action; that my business address is 2033 North Main St., Suite 750, Walnut Creek,
6  California 94596.

7        On the date set forth below, I served the following documents described as:

8     **1.  DEFENDANTS ZVEZDE & YVONNE JAKOVLESKI'S ANSWER TO COMPLAINT**
      **2.  CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**
9
as follows to the address(es) set forth below:
10
   __X__   I am familiar with my business' practice for collection and processing of correspondence for
11         mailing with the United States Postal Service.  I placed a copy of the document described in a
           sealed envelope and caused such envelope with First Class postage thereon fully prepaid to be
12         deposited in the United States mail at Walnut Creek, Contra Costa County, California.

13  ____   I placed a copy of the document described in a sealed envelope personally delivered the
           document.

14
    ____   I placed a copy of the document described in a sealed envelope and caused document to be
15         hand delivered by arranging for a commercial messenger delivery this date during Code of
           Civil Procedure defined business hours.
16
    ____   I personally faxed or caused the faxing of the document to the facsimile number set forth
17         below along with the address relevant thereto.

18  ____   I placed a copy of the document described in a sealed "Federal Express" envelope with a
           "Federal Express Airbill" attached with the address relevant thereto.
19
       **Thomas N. Stewart, III**
20     **369 Blue Oak Ln, 2nd Floor**
       **Clayton, CA 94517**
21

22        I declare under penalty of perjury under the laws of the State of California that the foregoing
23  is true and correct.

24
    Date: May 8, 2008                        _____
25

26

27

28