1
Michael S. Treppa, State Bar No. 142110
**TREPPA LAW GROUP**
2
2033 North Main St., Suite 750
Walnut Creek, California 94596
3
Telephone: (925) 296-0600
Facsimile: (925) 296-6146
4
Email: mtreppa@treppalaw.com
Attorneys for Defendants
5
Zvezde & Yvonne Jakovleski

6

7

8

9
**UNITED STATES DISRICT COURT**

10
**NORTHERN DISTRICT OF CALIFORNIA**

11

DAVID JOHNSON,                          Case No. C-08-0837-BZ

12
                    Plaintiff[s],        **DEFENDANTS ZVEZDE & YVONNE
                                         JAKOVLESKIS' ANSWER TO
13                                       COMPLAINT**
            vs.
14
ZVEZDE AND YVONNE JAKOVLESKI,
15
                    Defendants.
16

17

18
        Defendants ZVEZDE AND YVONNE JAKOVLESKI hereby answer, object, and

19
otherwise Respond to the Complaint on file herein as follows:

20
FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF

21
FULL AND EQUAL ACCESS TO A PUBLIC ACCOMODATION: PUBLIC FACILITIES

22
AT A RESTAURANT (Civil Code Sections 51, 54.1)

23

24
        1.  Defendants are without knowledge or information sufficient to form a belief as to

25
the truth of the allegations in this paragraph and on that basis, deny each and every allegation

26
contained therein.

27
        2.  Admitted.

28
        3.  Defendants are without knowledge or information sufficient to form a belief as to

1

[Defendants Zvezde and Yvonne Jakovleski Answer to Complaint]

TREPPA LAW GROUP

1  the truth of the allegations in this paragraph and on that basis, deny each and every allegation
2  contained therein.

3      4. Defendants admit that this court has jurisdiction over such allegations.
4  Defendants admit that California law may apply to such allegations. Defendants are without
5  knowledge or information sufficient to form a belief as to the truth of the remaining allegations
6  in this paragraph and on that basis, deny each and every allegation contained therein.

7      5. Defendants admit that venue is proper in this court. Defendants are without
8  knowledge or information sufficient to form a belief as to the truth of the remaining allegations
9  in this paragraph and on that basis, deny each and every allegation contained therein.

10      6. Defendants are without knowledge or information sufficient to form a belief as to
11  the truth of the allegations in this paragraph and on that basis, deny each and every allegation
12  contained therein.

13      7. Admitted.

14      8. There are no allegations contained in paragraph eight of the complaint.

15      9. Defendants admit that they are the owner and lessor of the subject property.
16  Defendants deny that they are the operator, manager and lessee of the subject restaurant.
17  Defendants are without knowledge or information sufficient to form a belief as to the truth of
18  the remaining allegations in this paragraph and on that basis, deny each and every allegation
19  contained therein.

20      10. Defendants admit that Civil Code Sections 51 and 54.1 require legal compliance.
21  Defendants are without knowledge or information sufficient to form a belief as to the truth of
22  the remaining allegations in this paragraph and on that basis, deny each and every allegation
23  contained therein.

24      11. Paragraph 11 is a summary of Civil Code Sections 51 and 54, et. seq. and does
25  not contain any factual allegations for Defendants to admit or deny.

26      12. Paragraph 12 is a summary of law and does not contain any factual allegations
27  for Defendants to admit or deny.

28

TREPPA LAW GROUP

2

[Defendants Zvezde and Yvonne Jakovleski Answer to Complaint]

TREPPA LAW GROUP

1         13. Defendants deny that the restaurant's parking lot, entrance and men's restroom

2  are inaccessible to people in wheelchairs.  Defendants are without knowledge or information

3  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on

4  that basis, deny each and every allegation contained therein.

5         14. Defendants deny the allegations contained in this paragraph.

6         15. Paragraph 15 only cites plaintiff's prayer for injunctive relief.   To the extent any

7  allegations remain in this paragraph, Defendants are without knowledge or information

8  sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis,

9  deny each and every allegation contained therein.

10         16. Defendants deny the allegations contained in this paragraph.

11         17. Defendants deny the allegations contained in this paragraph.

12         18. Defendants deny the allegations contained in this paragraph.

13  SECOND CLAIM FOR RELIEF:

14  VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990

15  42 USC SECTION 12101FF

16         19. Defendants reassert their responses to paragraphs 1-18.

17         20. Paragraph 20 of the complaint only contains excerpts of law and does not contain

18  any allegations for Defendants to admit or deny.

19         21. Paragraph 21 of the complaint only contains excerpts of law and does not

20  contain any allegations for Defendants to admit or deny.

21         22. Paragraph 22 of the complaint only contains excerpts of law and does not contain

22  any allegations for Defendants to admit or deny.

23         23. Paragraph 23 of the complaint only contains excerpts of law and does not contain

24  any allegations for Defendants to admit or deny.

25         24. Defendants deny the allegations of the last sentence of paragraph 24.   The

26  remainder of paragraph 24 only contains excerpts of law and does not contain any allegations

27  for Defendants to admit or deny.

28         25. Defendants deny the allegations contained in this paragraph.

3

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

27. Defendants deny the allegations contained in this paragraph.

### PLAINTIFF'S PRAYER

1. Defendants deny the allegations contained in this paragraph.

2. Defendants deny the allegations contained in this paragraph.

3. Defendants deny the allegations contained in this paragraph.

4. Defendants deny the allegations contained in this paragraph.

5. Defendants deny the allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

### I.

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that the complaint, and each claim therein, fails to state a claim upon which relief can be granted.

### II.

**AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,** defendants allege on information and belief that plaintiff did not exercise ordinary care, caution, or prudence to avoid the alleged event; consequently, the subsequent injuries or damages, if any, sustained by plaintiff were proximately caused by and contributed to by plaintiff's comparative negligence, and any damages they might otherwise be entitled to should be proportionately reduced by the degree of plaintiff's negligence.

### III.

**AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,** defendants allege that the injuries and damages plaintiff complains of resulted from the acts and/or omissions of others, and without any fault on the part of defendant.

### IV.

**AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,** defendants allege that plaintiff's claims are barred to the extent that he has failed to satisfy the

TREPPA LAW GROUP

4

TREPPA LAW GROUP

1  jurisdictional and/or statutory prerequisites for his causes of action, including the failure to

2  exhaust appropriate administrative remedies.

3                                        V.

4  **AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

5  defendants allege that plaintiff's claims as set forth in the Complaint are barred because the

6  accommodations and modifications sought by plaintiff is not required by law.

7

8                                        VI.

9  **AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**,

10  defendants allege plaintiff's claims as set forth in the Complaint are barred because Defendants

11  are in compliance with the applicable law and the property is readily accessible to the disabled.

12                                       VII.

13  **AS A FURTHER, SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

14  defendant alleges, on information and belief, that plaintiff failed to mitigate damages.

15                                       VIII.

16  **AS A FURTHER, EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE,**

17  plaintiff's complaint seeks accommodations and modifications that would require the

18  construction, alteration, repair, structural or otherwise, or modification that is beyond the

19  requirements of the law and not otherwise readily achievable.

20                                       IX.

21  **AS A FURTHER, NINTH SEPARATE AND AFFIRMATIVE DEFENSE,**

22  plaintiff's claims as set forth in the Complaint are barred in that plaintiff lacks standing and/or

23  capacity to bring each claim, in that, among other things, plaintiff did not encounter any barriers

24  to access with the property.

25                                        X

26  **AS A FURTHER, TENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

27  plaintiff's claims as set forth in the Complaint fail as a matter of law because, to the extent that

28  plaintiff was not provided with full and equal accommodations, advantages, facilities or services

TREPPA LAW GROUP

1  of defendants' facilities, it was because plaintiff failed to give defendants sufficient notice of the

2  need and sufficient opportunity to meet that need.

XI.

**AS A FURTHER, ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,** to the extend defendants had a duty to do so, defendants made every good faith effort to evaluate and configure the readily achievable modifications to the property to permit access to individuals qualified under the Americans with Disabilities Act ("ADA") and other laws which protect persons with disabilities.

XII.

**AS A FURTHER, TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE,** defendants' conduct was privileged and justified in that the plans, specifications and improvements to the facility were approved by government officials authorized to do so and to enforce compliance with the ADA and all other relevant regulations.

XIII.

**AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** plaintiff's claims are barred because pursuing modifications demanded by plaintiff would fundamentally alter the benefits to the public or result in an undue burden.

**ADDITIONAL RESPONSES**

**A.**

Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**B.**

To the extent Defendants have not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendants deny all further and remaining allegations of the Complaint and no response contained herein is intended to constitute a waiver of such denial.

**WHEREFORE,** defendants pray that:

6

1.  Plaintiff take nothing by his Complaint;

2.  Defendants have judgment against Plaintiff;

3.  Defendants be awarded costs of suit and reasonable attorneys fees; and

4.  For such other and further relief as the Court may deem proper.

Dated: May 8, 2008

TREPPA LAW GROUP

By _____
Michael S. Treppa
Attorneys for Defendants
Zvezde & Yvonne Jakovleski

[Defendants Zvezde and Yvonne Jakovleski Answer to Complaint]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNSON

        Plaintiff(s),

    v.

JAKOVLESKI

        Defendant(s).

No. C-08-0837 BZ

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: 5-8-08

_____
Signature

Counsel for DEFENDANTS JAKOVLESKI
(Plaintiff, Defendant or indicate "pro se")

For the Northern District of California

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA          }
                             } ss.
3

COUNTY OF CONTRA COSTA       }

4

    I, the undersigned, state that I am a citizen of the United States and employed in the City of Walnut Creek, County of Contra Costa, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 2033 North Main St., Suite 750, Walnut Creek, California 94596.

5

6

7

    On the date set forth below, I served the following documents described as:

8

  **1. DEFENDANTS ZVEZDE & YVONNE JAKOVLESKI'S ANSWER TO COMPLAINT**
  **2. CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

9

as follows to the address(es) set forth below:

10

  __X__  I am familiar with my business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a copy of the document described in a sealed envelope and caused such envelope with First Class postage thereon fully prepaid to be deposited in the United States mail at Walnut Creek, Contra Costa County, California.

11

12

13

  ____  I placed a copy of the document described in a sealed envelope personally delivered the document.

14

  ____  I placed a copy of the document described in a sealed envelope and caused document to be hand delivered by arranging for a commercial messenger delivery this date during Code of Civil Procedure defined business hours.

15

16

  ____  I personally faxed or caused the faxing of the document to the facsimile number set forth below along with the address relevant thereto.

17

18

  ____  I placed a copy of the document described in a sealed "Federal Express" envelope with a "Federal Express Airbill" attached with the address relevant thereto.

19

**Thomas N. Stewart, III**
**369 Blue Oak Ln, 2nd Floor**
**Clayton, CA 94517**

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

Date: May 8, 2008

25

26

27

28